DECISION AND JUDGMENT
{¶ 1} Appellants, Larry D. Smith, Larry G. Manley, Kent R. Smith, and Sandra L. Nunn, appeal from decisions of the Bryan Municipal Court finding them each guilty of failing to pay city income tax. Finding no reversible error, we affirm the judgments of the trial court. *Page 2 
 {¶ 2} The facts giving rise to this appeal are as follows. In 2005, the Ingersoll-Rand Corporation was planning on closing its manufacturing division located in Bryan, Ohio. In an effort to save jobs, some local investors got together and decided to purchase the plant. The new plant, called New Era LLC, was to be located at the former Ingersoll-Rand location. Before the sale was completed, Ingersoll-Rand and the union, representing the employees of the plant, entered into an agreement wherein New Era would retain Ingersoll-Rand's employees in return for wage concessions. Employees who agreed to transition to New Era and work there for one year were to receive a $10,000 bonus from Ingersoll-Rand. The sale was completed and, one year later, all employees who had completed a year of employment with New Era received a $10,000 transition bonus from Ingersoll-Rand.
 {¶ 3} Appellants, as former Ingersoll-Rand and current New Era employees, each received transition bonuses. These causes of action arose because appellants failed to pay city income tax on the bonuses. Appellants' cases were consolidated and a trial commenced on June 18, 2008. Appellants were found guilty on July 23, 2008. They now appeal setting forth the following assignments of error:
 {¶ 4} "I. The trial court erred in finding that the city of Bryan has authority and/or by finding that the trial court can exercise jurisdiction over this case either through home rule powers or the municipal income tax statutes in the Ohio Revised Code by asserting jurisdiction over a transaction between non-resident individuals and a nonresident entity. *Page 3 
 {¶ 5} "II. The trial court erred in interpreting the language in the city of Bryan municipal tax ordinance.
 {¶ 6} "III. The trial court erred in its interpretation of the city of Bryan municipal tax ordinance to construe all language in the ordinance in favor of the taxpayers as required by the Ohio Supreme Court.
 {¶ 7} "IV. The trial court erred when it entered judgment against the defendants on the charge of failure to pay income tax and failure to file a tax return when the evidence was insufficient to sustain the conviction and conviction was against the manifest weight of the evidence when the city of Bryan failed to prove beyond a reasonable doubt all of the required elements of the offense.
 {¶ 8} "V. The trial court erred in allowing witness Karen Gallagher to testify about income tax board of review's case that did not involve any of the defendants which included that board's interpretation of the law (the city of Bryan municipal tax ordinance) which is the exclusive province of this court.
 {¶ 9} "VI. The trial court erred in not using the language contained in the city of Bryan municipal tax ordinance which is the only statute enforceable, but rather used a definition from the rules developed for the clerk-treasurer to assist in enforcing the municipal income tax in violation of the city's charter to convict the taxpayers."
 {¶ 10} Appellants' first three assignments of error will be addressed together. Appellants challenge Bryan Municipal Ordinance 181.02, the ordinance authorizing the city's imposition of the tax at issue. Appellants contend that the ordinance does not apply *Page 4 
to them because they received their transition bonuses from a nonresident entity, Ingersoll-Rand, rather from a resident entity, New Era.
 {¶ 11} Ohio municipalities have the power to levy and collect income taxes subject to the power of the General Assembly to limit the power of municipalities to levy taxes under Section 13, Article XVIII or Section 6, Article XIII, of the Ohio Constitution. Angell v. Toledo (1950),153 Ohio St. 179. It is well settled that a municipality may levy a tax on wages resulting from work and labor performed within its boundaries by a nonresident of that municipality. Thompson v. Cincinnati (1965),2 Ohio St.2d 292, paragraph one of the syllabus.
 {¶ 12} Bryan Municipal Ordinance 181.02 provides in pertinent part:
 {¶ 13} "To provide funds for the purpose of general municipal operations, maintenance of equipment, new equipment, extension, enlargement and improvement of municipal services and facilities and capital improvements of the City, there is hereby levied a tax upon the earnings at the rate of one percent (1%) upon the following:
 {¶ 14} "* * *
 {¶ 15} "(b) On all salaries, wages, commissions and other compensation earned on and after October 1, 1967, by nonresident individuals of the City, for work done or services performed or rendered in the City."
 {¶ 16} Appellants were convicted of violating Bryan Municipal Ordinance 181.99(a)(3) which provides: *Page 5 
 {¶ 17} "The following shall be considered violations of the provisions of this [income tax] chapter:
 {¶ 18} "* * *
 {¶ 19} "(3) Failing, neglecting or refusing to pay the tax, penalties or interest imposed by the provisions of this chapter;"
 {¶ 20} Pursuant to longstanding rules of statutory construction, we must look at the specific language contained in the ordinance, if the language is unambiguous, we must apply the clear meaning of the words used. Roxane Laboratories, Inc. v. Tracy, 75 Ohio St.3d 125, 127. In addition, words and phrases shall be read in context and construed according to the rules of grammar and common usage. R.C. 1.42.
 {¶ 21} Appellants' arguments are without merit. We recognize that any doubt in the construction of taxing statutes is to be resolved in the taxpayer's favor. Gulf Oil Corp. v. Kosydar (1975), 44 Ohio St.2d 208. However, we find nothing ambiguous in Bryan Municipal Ordinance 181.02. For purposes of this ordinance, payer Ingersoll-Rand's status as a nonresident entity is irrelevant. What is relevant is that appellants received their bonuses for work they performed in the city of Bryan. Appellants' first three assignments of error are found not-well taken.
 {¶ 22} In their fourth assignment of error, appellants contend that their convictions were based on insufficient evidence and against the manifest weight of the evidence.
 {¶ 23} In an examination of the sufficiency of the evidence, we must determine whether the evidence presented at trial is legally sufficient to support all of the elements *Page 6 
of the offense. State v. Thompkins (1997), 78 Ohio St.3d 380, at 386-387. The question is whether the prosecution has presented evidence which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. Id. at 390. Manifest weight implicates a weighing of the evidence wherein the appellate court acts as a thirteenth juror, assessing whether the jury lost its way with a resulting manifest miscarriage of justice warranting reversal of the conviction. Id. at 387.
 {¶ 24} The uncontroverted evidence presented at trial demonstrated that appellants were nonresidents who, in 2006, each received $10,000 for working in the city of Bryan. The uncontroverted evidence also showed that appellants each failed to pay city income tax on their compensation. This evidence, if believed, was sufficient to support a conclusion, beyond a reasonable doubt, that appellants were guilty of violating Bryan Municipal Ordinance 181.99(a)(3). Furthermore, we find no miscarriage of justice in the guilty verdicts. Appellants' fourth assignment of error is found not well-taken.
 {¶ 25} In appellants' fifth assignment of error, they contend that the court erred in allowing a member of the Bryan Income Tax Review Board to testify regarding another case involving an employee of New Era.
 {¶ 26} "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage (1987),31 Ohio St. 3d 173. Even "[w]here evidence has been improperly admitted in derogation of a criminal defendant's constitutional rights, the admission is harmless `beyond a reasonable doubt' if the remaining evidence alone comprises `overwhelming' proof of defendant's guilt."State v. *Page 7 Williams (1983), 6 Ohio St.3d 281, 290, quoting Harrington v.California (1969), 395 U.S. 250, 254. In this case, without determining whether or not the witness's testimony was relevant, we find that the remaining evidence comprises overwhelming evidence of guilt and, as such, the trial court's admission of the testimony was harmless. Appellants' fifth assignment of error is found not well-taken.
 {¶ 27} In their sixth assignment of error, appellants curiously contend that the trial court did not follow the language of Bryan Municipal Ordinance 181.99(a)(3) in convicting appellants. While many theories of culpability and statutory interpretation were explored during the trial, the judge in this case found appellants guilty of violating Bryan Municipal Ordinance 181.99(a)(3). As already discussed, the evidence supports appellants' convictions. Finding no evidence that the judge failed to follow the language of the ordinance, appellants' sixth assignment of error is found not-well taken.
 {¶ 28} On consideration whereof, the judgments of the Bryan Municipal Court are affirmed. Court costs assessed to appellants pursuant to App. R. 24.
JUDGMENTS AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 8 
Mark L. Pietrykowski, J., Arlene Singer, J., Thomas J. Osowik, J., concur. *Page 1