[Cite as *Marion v. Cendol*, 2013-Ohio-3197.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY


CITY OF MARION,

    PLAINTIFF-APPELLEE,                    CASE NO. 9-12-59

    v.

ROBERT J. CENDOL,                    O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Marion Municipal Court
Trial Court No. CRB 12 231

Judgment Affirmed

Date of Decision:   July 22, 2013


APPEARANCES:

    *Scott A. Winckowski*  for Appellant

    *Steven E. Chaffin*  for Appellee

Case No. 9-12-59

**PRESTON, P.J.**

{¶1} Defendant-appellant, Robert J. Cendol, appeals the Marion Municipal Court's October 3, 2012 judgment entry approving and adopting the magistrate's decision finding that the City of Marion ("City") proved beyond a reasonable doubt that Cendol committed the offense of "failure to comply with safety director specifications/regulations as to demolition permit" in violation of Marion Structure and Safety Code 1381.99 and recommending that the trial court impose a fine of $100.00.[1] Cendol argues that the evidence adduced at trial was insufficient to prove that he was the "owner" or "duly constituted agent" of the owner of the property, as those terms are found in Marion Structure and Safety Code 1381.01, and that he cannot be prosecuted for failing to comply with the demolition permit because it was invalid. For the reasons that follow, we affirm.

{¶2} On February 2, 2012, the City's Zoning Inspector filed a complaint in the Marion Municipal Court against Cendol, alleging that Cendol violated Marion Structure and Safety Code 1381.99 by "fail[ing] to comply with Safety Director specifications and/or regulations as to demolition of 333 Joseph St., permit #0675." (Doc. No. 1). Cendol entered a plea of not guilty on March 19, 2012.

---

[1] In his notice of appeal, Cendol says he is appealing the "*Magistrate's Decision* of September 17, 2012." (Emphasis sic.) (Doc. No. 32). Magistrate's decisions are not final appealable orders. *State v. Pennington*, 187 Ohio App.3d 526, 2010-Ohio-2139, ¶ 14-16 (2d Dist.). However, Cendol attached to his notice of appeal the October 3, 2012 judgment entry in which the trial court approved and adopted the magistrate's September 17, 2012 decision. (Doc. No. 32). That judgment entry constituted a final appealable order, and this Court has jurisdiction over this case notwithstanding Cendol's misstatement in his notice of appeal. *See Pennington*, 2010-Ohio-2139, at ¶ 16.

- 2 -

(Doc. No. 6). On July 26, 2012, the case proceeded to a bench trial before a magistrate. (July 26, 2012 Tr. at 1); (Doc. No. 25).

{¶3} On September 17, 2012, the magistrate held a disposition hearing and issued his decision finding that the City proved beyond a reasonable doubt that Cendol committed the offense of "failure to comply with safety director specifications/regulations as to demolition permit" and recommending that the trial court impose a fine of $100.00. (Sept. 17, 2012 Tr. at 1, 5, 7); (Doc. No. 25). The trial court issued its judgment entry on October 3, 2012, approving and adopting the magistrate's decision as the order of the trial court. (Doc. No. 25).

{¶4} Cendol filed his notice of appeal on October 16, 2012. (Doc. No. 32). He raises two assignments of error for our review, which we will address together.

### Assignment of Error No. I

**The Marion Municipal Court committed error by finding Appellant, Robert J. Cendol, was the *property owner or their* [sic] *duly constituted agent*. (Emphasis sic.)**

### Assignment of Error No. II

**The Marion Municipal Court committed error by failing to grant the Motion for Acquittal, Rule 29, at the close of the City's case.**

{¶5} In his first assignment of error, Cendol argues that under Marion Structure and Safety Code 1381.01, the City can issue demolition permits only to the "owner" or a "duly constituted agent" of the owner of the property to be

demolished, and that the evidence at trial was insufficient to prove that Cendol was either the "owner" or the owner's "duly constituted agent." In his second assignment of error, Cendol argues that the trial court erred by denying his Crim.R. 29 motion for acquittal at the close of the City's case because the demolition permit had no expiration date and was invalid, the City's Zoning Inspector failed to identify Cendol at trial and to affirmatively testify that Cendol was given a copy of the permit requirements, the City failed to give notice of violations prior to filing the complaint, and the City failed to prove that Cendol had authority to act for the owner of the property.

{¶6} As an initial matter, we note that Cendol failed to file objections to the magistrate's September 17, 2012 decision. Under Crim.R. 19, a defendant's failure to object to a magistrate's decision amounts to a waiver of all but a claim of plain error on appeal:

> Except for a claim of plain error, a party shall not assign on appeal
> the court's adoption of any factual finding or legal conclusion,
> whether or not specifically designated as a finding of fact or
> conclusion of law under Crim. R. 19(D)(3)(a)(ii), unless the party
> has objected to that finding or conclusion as required by Crim. R.
> 19(D)(3)(b). Crim.R. 19(D)(3)(b)(iv).

Because Cendol failed to object to the magistrate's decision, he waived all but a claim of plain error on appeal. *Id.* Furthermore, because he has failed to argue plain error before this Court, we need not consider his arguments. *See id. See also State v. Shie*, 12th Dist. Butler No. CA2007-02-038, 2008-Ohio-350, ¶ 45. Nevertheless, "this Court has recognized that a conviction based upon insufficient evidence almost always amounts to plain error because 'a conviction based on legally insufficient evidence constitutes a denial of due process.'" *State v. Elliot*, 3d Dist. Seneca No. 13-12-43, 2013-Ohio-2386, ¶ 17, quoting *State v. Alvarado,* 3d Dist. Putnam No. 12-07-14, 2008-Ohio-4411, ¶ 24. Because Cendol argues in his assignments of error that the evidence was insufficient to convict him, we, in the interests of justice, elect to address his arguments.

**{¶7}** We first address Cendol's second assignment of error challenging the trial court's denial of his Crim.R. 29 motion for acquittal. Crim.R. 29(A) provides, in relevant part:

> The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction for such offense or offenses.

"Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." *State v. Bridgeman*, 55 Ohio St.2d 261 (1978), syllabus. "The *Bridgeman* standard 'must be viewed in light of the sufficiency of evidence test[.]'" *State v. Hansen*, 3d Dist. Seneca No. 13-12-42, 2013-Ohio-1735, ¶ 35, quoting *State v. Foster*, 3d Dist. Seneca No. 13-97-09, *2 (Sept. 17, 1997). When reviewing the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1981), paragraph two of the syllabus, superseded by state constitutional amendment on other grounds in *State v. Smith*, 80 Ohio St.3d 89 (1997).

{¶8} In support of his second assignment of error, Cendol offers five, one-sentence arguments, none of which are supported by citations to authority or the record. "It is the duty of the appellant, not this court, to demonstrate [his] assigned error through an argument that is supported by citations to legal authority and facts in the record." *State v. Linzy*, 5th Dist. Richland No. 2012-CA-33, 2013-Ohio-1129, ¶ 33, quoting *State v. Taylor*, 9th Dist. Medina No. 2783-M, *3 (Feb. 9, 1999) and citing App.R. 16(A)(7) (internal quotation marks omitted). "It is not the

function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Id.*, quoting *Kremer v. Cox*, 114 Ohio App.3d 41, 60 (9th Dist.1996) (internal quotation marks omitted). *See also Pahl v. Haugh*, 3d Dist. Hancock No. 5-10-27, 2011-Ohio-1302, ¶ 27 ("[W]e note that pursuant to App.R. 16(A)(7) we are not required to address arguments that have not been sufficiently presented for review or supported by proper authority. * * * [I]t is well within our authority to disregard [the deficient] assignment of error. See App.R. 12(A)(2)."). Nevertheless, in the interests of justice, we elect to address Cendol's arguments.

{¶9} Cendol offers three legal arguments that challenge the validity of the underlying demolition permit and the City's ability to charge him with violating it. He argues that because the demolition permit had no expiration date, it was invalid. We disagree. The demolition permit was "ISSUED TO" Cendol on April 19, 2010 for demolition at address "333 Joseph Street." (P's Trial Ex. A, Doc. No. 19).[2] The "PARCEL NO." and "EXPIRE DATE" lines on the demolition permit are blank. (*Id.*). Otherwise, the City filled in all of the spaces on the demolition permit, and the permit informed Cendol that "[t]he issuance of this Permit does not allow the violation of CITY OF MARION Zoning Ordinances or other governing Regulations." (*Id.*). Cendol cites no authority, and we have found none,

---

[2] The copy of the permit that was introduced and admitted into evidence at trial includes the Zoning Inspector's handwritten notes. (*See* P's Trial Ex. A, Doc. No. 19). The parties agreed that the handwritten notes were not present on the permit as originally issued to Cendol. (July 26, 2012 Tr. at 51).

suggesting that the omission of an expiration date in a permit renders it invalid, such that the permit holder cannot be charged with violating it. Thus, while the City could be more diligent and precise in the permitting process, we hold that the omission of an expiration date in the demolition permit did not render it invalid. *See Bd. of Twp. Trustees v. Spring Creek Gravel Co., Inc.*, 45 Ohio App.2d 288, 290-291 (2d Dist.1975), citing *Ratcliff v. Teters*, 27 Ohio St. 66 (1875) ("The Supreme Court of Ohio has said that the granting of a permit is 'only a ministerial act' and the mere delay of the clerk in recording such grant does not invalidate it.").

{¶10} Cendol also argues that the Zoning Inspector "failed to affirmatively testify that [Cendol] was given a copy of any requirements of the permit[.]" (Appellant's Brief at 7). Marion Structure and Safety Code 1381.02, titled "SPECIFICATIONS AND REGULATIONS," requires that the City Safety/Service Director establish demolition specifications and regulations and make them available to permittees:

> The Safety/Service Director shall establish the specifications and regulations for the manner in which buildings are to be demolished in the municipality, which shall be kept on file in the Safety/Service Director's office and made available to permittees.

The Code section requires only that the Safety/Service Director keep the established specifications and regulations on file and make them available to permittees. Cendol does not argue that the specifications and regulations were not available, only that he was not given a copy of them. However, Section 1381.02 does not require that the Safety/Service Director give a copy of the specifications and regulations to permittees. Accordingly, we reject as legally irrelevant Cendol's argument that the City's Zoning Inspector failed to testify that Cendol was given a copy of any requirements of the permit. *See State v. Parker*, 68 Ohio St.3d 283, 286 (1994) ("[I]t is well settled that one is presumed to know the law * * *.").

{¶11} Cendol argues that the City "failed to give notice of violations to [Cendol] prior to issuing the Citation to [Cendol]." (Appellant's Brief at 7). He cites no authority that requires the City to give a demolition permittee notice of violations before citing the permittee; however, Cendol did attach to his brief Marion Structure and Safety Code Chapter 1177, titled "ZONING PERMITS." Chapter 1177 of the Code does not apply in this case because it governs the issuance of zoning permits, not demolition permits such as the one issued to Cendol. This argument, therefore, lacks merit.

{¶12} Cendol's two remaining one-sentence arguments in support of his second assignment of error challenging the trial court's denial of his motion for

acquittal address the evidence presented at trial and its alleged insufficiency to prove that Cendol was a "duly constituted agent" under Marion Structure and Safety Code 1381.01. We will, therefore, address those two one-sentence arguments with Cendol's first assignment of error challenging the sufficiency of the evidence as to Cendol's status as the "owner" or a "duly constituted agent" of the owner under Marion Structure and Safety Code 1381.01.

{¶13} The standard of review applicable Cendol's first assignment of error is similar to the one applicable to his second assignment of error. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *Jenks*, 61 Ohio St.3d 259, paragraph two of the syllabus. Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

{¶14} Marion Structure and Safety Code 1381.01(A) authorizes the City's Safety/Service Director "to issue demolition permits to property owners or their duly constituted agents for buildings and structures located within the municipality." Marion Administrative Code 101.02 defines terms used in the

City's ordinances, including the Marion Structure and Safety Code. Section 101.02(I) defines "owner" as: "When applied to property, includes any part owner, joint owner or tenant in common of the whole or part of such property." The City does not dispute that Cendol is not the "owner" of 333 Joseph Street. Rather, the City argues that Cendol was an "apparent agent" of the property owner and, therefore, a "duly constituted agent" under Marion Structure and Safety Code 1381.01(A).

{¶15} The City's ordinances do not define "agent" or "duly constituted agent." We, therefore, must determine whether the language of the ordinance is ambiguous, and if it is not, apply the clear meaning of the words used. *State v. Smith*, 6th Dist. Williams No. WM-08-016, 2009-Ohio-2292, ¶ 20, citing *Roxane Laboratories, Inc. v. Tracy*, 75 Ohio St.3d 125, 127 (1994). *See also City of Columbiana v. J & J Car Wash, Inc.*, 7th Dist. Columbiana No. 04 CO 20, 2005-Ohio-1336, ¶ 32 ("The same rules for reviewing a statute apply when reviewing an ordinance."). "In addition, words and phrases shall be read in context and construed according to the rules of grammar and common usage." *Smith*, 2009-Ohio-2292, at ¶ 20, citing R.C. 1.42. Here, we conclude that the use of the term "duly constituted agent" is not ambiguous, and we apply its clear meaning.

{¶16} Black's Law Dictionary defines "duly" as: "[i]n a proper manner; in accordance with legal requirements." *Black's Law Dictionary* 576 (9th Ed.2009).

The word "constitute" has multiple meanings, but read in context and construed according to the rules of grammar and common usage, the word "constituted," as used in the City's ordinance, means: "to appoint to an office, function, or dignity," or "to make (a person or thing) something." *Webster's Third New International Dictionary* 486 (2002). Black's Law Dictionary defines "agent" as: "[o]ne who is authorized to act for or in place of another; a representative." *Black's Law Dictionary* 72 (9th Ed.2009). *See also John Hancock Mut. Life Ins. Co. v. Luzio*, 123 Ohio St. 616 (1931), syllabus ("In the absence of statutory definition, the term 'agent,' employed in section 9391, General Code, should be given its legal meaning, as being one who is acting within the scope of his authority in the business intrusted [sic] to him by his principal."). Therefore, a "duly constituted agent" of an owner of property to be demolished, as used in Marion Structure and Safety Code 1381.01(A), means a person who is authorized to act for or in place of the owner, who the owner appointed to that position, and whose appointment has legal effect.

{¶17} In this case, viewing the evidence in a light most favorable to the City, any rational trier of fact could have found that the City proved beyond a reasonable doubt that Cendol was the property owner's "duly constituted agent" and, therefore, the permittee subject to punishment under Marion Structure and

Safety Code 1381.99.[3] The record reflects that 333 Joseph, LLC was the owner of the property to be demolished. (D's Trial Ex. 1, Doc. No. 21); (July 26, 2012 Tr. at 18). A limited liability company acts only through its officers, members, or agents. *Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, ¶ 36 (O'Donnell, J., dissenting). *See also Orrenmaa v. CTI Audio, Inc.*, 11th Dist. Ashtabula No. 2007-A-0088, 2008-Ohio-4299, ¶ 110 (citations omitted). Stanley Rosenfeld, Cendol's uncle, owned and was the principal of 333 Joseph, LLC. (July 26, 2012 Tr. at 18). (*See also* D's Trial Ex. 1, Doc. No. 21) (a copy of the demolition permit application, signed by Rosenfeld on the "OWNER OR CONTRACTOR SIGNATURE" line).

{¶18} We next turn to whether a rational trier of fact could have found that the City proved beyond a reasonable doubt that Rosenfeld appointed Cendol to act for him or in his place. Cendol testified that Rosenfeld authorized him to act on Rosenfeld's behalf in obtaining the permit and working on the demolition project at 333 Joseph Street:

> [City's Counsel:] During the time that you obtained this permit and worked with this project, were you doing this as a family favor?
>
> [Cendol:] I would just help [Rosenfeld] out when I needed to, yes.

---

[3] Marion Structure and Safety Code 1381.99 provides, in relevant part: "Whoever violates any provision of this chapter is guilty of a minor misdemeanor on a first offense which is punishable by a fine of not more than $100."

[City's Counsel:] Is that an accurate description as you were doing favors for [Rosenfeld]?

[Cendol:] I guess you could say that, yes.

* * *

[Cendol:] * * * And I would talk to Mr. Rosenfeld and ask him, you know, if there is anything that he needed me to do, and I would—if there was something I could take care of, I would.

(July 26, 2012 Tr. at 63-64).

In addition to this testimony, the record reflects that, at the direction of Rosenfeld, Cendol submitted the demolition permit application to the City's Zoning Department. (July 26, 2012 Tr. at 13-14, 63-64). The City issued the demolition permit to Cendol by putting "Rob Cendol" in the "ISSUED TO" line on the demolition permit. (P's Trial Ex. A, Doc. No. 19); (July 26, 2012 Tr. at 15, 19, 65-66). Cendol never objected to the permit being issued in his name. (July 26, 2012 Tr. at 15, 63-64).

{¶19} After the City issued the demolition permit to Cendol, the City's Director of Public Safety had "several conversations," including at least one in-person meeting, with Cendol regarding the demolition project at 333 Joseph Street. (July 26, 2012 Tr. at 38-39, 47). According to the Director of Public Safety, Cendol "indicated that [Cendol] was in charge of the demolition of the

property." (July 26, 2012 Tr. at 39). Finally, contrary to Cendol's one-sentence argument that the City "failed to identify [Cendol] as the person that was issued the permit and was in the courtroom," the Director of Public Safety identified Cendol for the record at trial. (Appellant's Brief at 7); (July 26, 2012 Tr. at 38-39). Based on the foregoing evidence, a rational trier of fact could have found that Cendol was a "duly constituted agent" of 333 Joseph, LLC, and that the demolition permit in this case was properly issued to him.

{¶20} Having concluded that the evidence was sufficient to prove that the demolition permit was properly issued to Cendol, it follows that Cendol was subject to prosecution for violations of the demolition permit and the City's demolition specifications and regulations. Marion Structure and Safety Code 1381.02, 1381.99. Cendol does not argue that the demolition permit was not violated in this case, by him or anyone else. In fact, the Director of Public Safety testified to conditions of the property and demolition that amounted to violations of the City's demolition specifications and regulations. (July 26, 2012 Tr. at 35-37); (P's Trial Ex. B, Doc. No. 20) (a copy of the City's demolition specifications and regulations).

{¶21} We hold that the evidence was sufficient in this case and that the trial court properly denied Cendol's Crim.R. 29 motion for acquittal. After viewing the evidence in a light most favorable to the City, a rational trier of fact could have

found the essential elements of the crime proven beyond a reasonable doubt—namely, that Cendol was a "duly constituted agent" of the property owner, that the City properly issued the demolition permit in his name, and that he was subject to prosecution for violations of the demolition permit and the City's demolition specifications and regulations.

{¶22} Cendol's first and second assignments of error are, therefore, overruled.

{¶23} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jlr**