[Cite as *Gundel v. Whalen Lawn & Landscaping, L.L.C.*, 2022-Ohio-1908.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CHRISTOPHER GUNDEL, | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| WHALEN LAWN & LANDSCAPING, | : | Case No. 2021CA00128 |
| LLC, et al., | : | |
| | : | |
| Defendant - Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Stark County Court of
                                 Common Pleas, Case No. 2020 CV
                                 00694

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                June 6, 2022

APPEARANCES:

For Plaintiff-Appellant                    For Defendant-Appellee Pekin Ins.

CHRISTOPHER J. VAN BLARGAN                 JOHN G. FARNAN
Kisling, Nestico & Redick, LLC             PATRICK M. CANNELL
3412 Market Street                         Weston Hurd LL{
Akron, Ohio 43333                          The Tower at Erieview
                                           1301 9th Street, Suite 1900
And                                        Cleveland, Ohio 44114-1862

MICHAEL J. MAILLIS                         For Appellee Nicholas Whalen
22 Eat McKinley Way, Suite A
Poland, Ohio 44514                         KYLE A. JOHNSON
                                           JUSTIN M. LOVEDAHL
EDWARD T. SAADI                            BRENNAN MANNA DIAMOND
Ohio Bureau of Workers Comp.               4518 Fulton Road, Suite 202
970 Windham Ct. Suite 7                    Canton, Ohio 44718
Boardman, Ohio 44512

*Baldwin, J.*

{¶1}   Christopher Gundel, appellant, appeals the decision of the Stark County Court of Common Pleas granting summary judgment in favor of appellees Pekin Insurance Company, Nicholas Whalen and Grange Insurance Company.

## STATEMENT OF FACTS AND THE CASE

{¶2}   Nicholas Whalen (Whalen) created a limited liability company, Whalen Lawn and Landscaping (WLL) and is the sole member of that company.  As the name implies, his company offers lawn and landscaping services to the public.  The number of people employed by WLL varies according to the demand for services.  The employees provide lawn and landscaping services and all administrative and business related duties were completed by Whalen.  Whalen mowed lawns when necessary and performed minor maintenance on the company equipment, including the mowers. When Whalen encountered a mechanical problem beyond his ability, he retained outside services to complete the repair.

{¶3}   Christopher Gundel was an employee of WLL operating a riding lawnmower on May 11, 2019 at an assigned job site.  The mower became stuck in mud and Gundel dismounted to free the mower when his foot slipped and went under the mower.  He suffered severe lacerations of his leg and a subsequent below the knee amputation.  He applied for benefits through the Bureau of Workers' Compensation (BWC) and his application was approved.  Gundel continues to receive payments from the BWC.

{¶4}   Gundel elected to pursue litigation against those people and entities he held responsible for his injury. He filed his first complaint on April 16, 2020 and amended his

complaint several times, concluding with the Fifth Amended Complaint filed March 2, 2021. Subsequently, Gundel dismissed all defendants except for Whalen, John Doe and the BWC.

{¶5} Within his complaint, Gundel alleged that "Whalen was not an employee of WLL, and could not legally qualify as an employee as the sole member of a limited liability company." (Fifth Amended Complaint, ¶ 3). He claimed that the safety switch that was designed to cut power to the lawnmower blade if the operator left the seat was not working and that this "non-operation was a direct and proximate cause of this injury." (Fifth Amended Complaint, ¶ 16). He concluded that "[t]he kill switch was not operational because it was either defective and/or or intentionally disabled, thereby establishing the intentional removal of a safety guard and thus, the causes of action asserted in this Complaint are plead in the alternative." (Fifth Amended Complaint, ¶ 17). Gundel alleged that Whalen either negligently failed to properly maintain the kill switch or intentionally disabled the kill switch.

{¶6} While the Gundel Complaint was pending, Pekin Insurance and Grange Insurance filed separate declaratory judgment actions asserting that they did not owe Whalen or WLL a defense or indemnification. Pekin provided coverage for WLL and Grange provided coverage to Whalen individually. The trial court consolidated the declaratory judgment actions with the underlying tort action.

{¶7} Pekin moved for summary judgment on its declaratory judgment action contending that it had no obligation to defend or indemnify Whalen. Pekin presented several arguments in support of its position, the most relevant of which in the context of this appeal is the claim that Whalen is immune from liability for this injury pursuant to R.C.

1705.48(B) as a member of the LLC. In the alternative, Pekin argued that Whalen is immune because he was either the employer or a co-employee. (R.C. 4123.74 and 4123.741).

**{¶8}** Gundel responded by arguing that WLL was the employer and though Whalen was its sole member, he did not qualify as employer on the facts of this case. He further argued that Whalen was not an employee because he did not provide services under a contract of hire or was not bound by any contract of hire. Whalen did not work for wages, Gundel further asserted, but instead Whalen "voluntarily contributed sweat equity to the company to reduce expenditures and increase earnings available for distribution rather than working for direct compensation in the form of wages or salary." (Gundel Memorandum, Aug. 19, 2021 p. 13). He concluded by pointing out that Whalen stated that he did not consider himself an employee, did not believe he would be an employee and did not "take Workers' Comp and stuff like that out of my pay." *Id.* at p. 14.

**{¶9}** The trial court granted Pekin's motion for summary judgment, holding that Pekin was not required to defend or indemnify Whalen and finding that Gundel's argument was an attempt to persuade the trial court to ignore the statutory immunities provided to employers in the context of this case and create insurance coverage where none exists. The trial court rejected Gundel's arguments and concluded that Gundel ignored "the critical fact that Whalen was Gundel's employer at the time of the accident" and that "Whalen's conduct on behalf of Whalen Lawn, which allegedly caused Gundel's injuries, cannot expose Whalen to personal liability under R.C. 1705.48(B)." (Judgment Entry, Sept. 17, 2021, p.5). The trial court also found no duty to defend Whalen or indemnify

him for the intentional tort claim as the Pekin policy did not provide coverage for intentional acts.

**{¶10}** Whalen moved for summary judgment on October 7, 2021 alleging that the trial court's finding that Whalen was Gundel's employer served as a bar to any recovery from Whalen and limited Gundel to recovering the workers' compensation benefits that he had been receiving. Whalen further contended that, because the trial court found that he was Gundel's employer and because the record contained no evidence of an intention to cause an injury or that Whalen knew that an injury was substantially certain, Whalen could not be held liable.

**{¶11}** Gundel reaffirmed his position regarding the liability of Whalen, but filed a stipulation in which all parties agreed that the trial court's rational underlying its decision to grant Pekin's motion, if applied without amendment to the Whalen motion, would warrant a decision in favor of Whalen and Grange and thus terminate the case. The trial court confirmed that it would not alter its decision and that "[t]he Court notes Gundel's reassertion of his arguments against immunity and exception to the Court's September 17, 2021 ruling, but adopts its prior ruling and finds Whalen is entitled to immunity under these statutory provisions. Thus, Whalen and Grange are entitled to summary judgment on Gundel's personal injury claims and the Bureau of Workers' Compensation's claim for subrogation, and Grange is entitled to summary judgment on coverage claims that are mooted by the Court's ruling on Gundel's claims." (Judgment Entry, Oct. 22, 2021, p. 2). The trial court dismissed the matter in its entirety and Gundel filed a notice of appeal with three assignments of error:

**{¶12}** "I. THE TRIAL COURT ERRED IN GRANTING APPELLEES SUMMARY JUDGMENT AND DENYING APPELLANT PARTIAL SUMMARY JUDGMENT BECAUSE, CONTRARY TO THE COURT'S CONCLUSION, A LIMITED LIABILITY COMPANY INCORPORATED UNDER OHIO LAW IS A RECOGNIZED ENTITY DISTINCT AND SEPARATE FROM ITS MEMBERS, AND WHILE MEMBERS ARE NOT VICARIOUSLY LIABLE FOR THE COMPANY'S NEGLIGENCE UNDER OHIO REVISED CODE SECTION 1705.48, THEY ARE LIABLE FOR THEIR OWN TORTIOUS ACTS PERFORMED ON THE COMPANY'S BEHALF."

**{¶13}** "II. THE TRIAL COURT ERRED IN GRANTING APPELLEES SUMMARY JUDGMENT AND DENYING APPELLANT PARTIAL SUMMARY JUDGMENT BECAUSE, CONTRARY TO THE COURT'S CONCLUSION, A MEMBER OF A LIMITED LIABILITY COMPANY ACTING ON ITS BEHALF IS NOT SYNONYMOUS WITH THE COMPANY AND THUS NOT THE EMPLOYER OF THE COMPANY'S EMPLOYEES FOR PURPOSES OF OHIO REVISED CODE SECTION 4123.74, THE EXCLUSIVE REMEDY PROVISION OF OHIO'S WORKERS' COMPENSATION ACT."

**{¶14}** "III. ASSUMING THE TRIAL COURT DECIDED WHALEN WAS AN EMPLOYEE OF WLL ENTITLED TO THE PROTECTION OF OHIO REVISED CODE SECTION 4123.741, THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE WLL DID NOT PAY WHALEN WAGES OR A SALARY FOR HIS SERVICES, DID NOT ISSUE WHALEN A W2, AND DID NOT LIST WHALEN AS AN EMPLOYEE TO AVOID PAYING ADDITIONAL PREMIUM WORKERS' COMPENSATION PREMIUMS ON HIS BEHALF, AND WHALEN DID NOT CONSIDER

HIMSELF AN EMPLOYEE BUT INSTEAD PROVIDED SERVICES IN HIS CAPACITY AS A MEMBER OF THE LIMITED LIABILITY COMPANY."

## STANDARD OF REVIEW

{¶15} This Court applies a de novo standard of review and reviews the evidence in the same manner as the trial court when reviewing a decision on summary judgment. *Smiddy v. Wedding Party, Inc., 30 Ohio* St.3d 35, 36, 506 N.E.2d 212 (1987). We will not give any deference to the trial court's decision. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). Under Civ.R. 56, a trial court may grant summary judgment if it determines: (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶16} The party seeking summary judgment bears the burden of demonstrating no issues of material fact exist for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In *Dresher v. Burt,* 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996), the Ohio Supreme Court set forth the applicable summary judgment standard:

> [A] party seeking summary judgment, on the grounds that the
> nonmoving party cannot prove its case, bears the initial burden of informing

the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving part then has a reciprocal burden outlined in Civ.R. 56(C) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

(Emphasis sic.)

{¶17} Considering the requirements imposed upon this court by precedent and the Ohio Civil Rules, the content of the trial court's entry has little influence. While the decision of the trial court must contain the basic requirements, our review is focused upon the record and not the written decision of the trial court. *Deutsche Bank Natl. Tr. Co. for Ocwen Real Estate Asset Liquidating Tr. 2007-1, Asset Backed Notes, Series 2007-1 v. Mallonn*, 5th Dist. No. 2017CA00132, 2018-Ohio-1363, 110 N.E.3d 765, ¶¶ 21-22.

**{¶18}** Finally, the record on summary judgment must be viewed in the light most favorable to the party opposing the motion. (Citation omitted.) *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 151, 309 N.E.2d 924 (1974).

**{¶19}** Gundel concludes his argument for the first assignment of error by claiming that his complaint "* * * states a claim against Whalen based upon his own tortious conduct, not solely on Whalen's status as a member of WLL* * *." (Appellant's Brief, p. 13). This comment suggests Gundel views this matter as a dismissal for failure to state a claim for which relief may be granted and thus would be subject to a different standard of review. To the extent that Gundel is presenting that argument, we reject it and apply the standard of review for summary judgment.

## ANALYSIS

**{¶20}** Gundel submitted three assignments of error all of which focus on the characterization of Whalen as an employer of Gundel and a member or employee of WLL. Pekin argued that Whalen was not only a member, but also an employer and employee in the context of the allegations of the complaint. The trial court agreed that Whalen was the employer of Gundel entitled to immunity under R.C. 4123.74. Gundel contends that Whalen is neither employee nor employer, but is merely a member of WLL that may be held liable for any action that resulted in his injury.

**{¶21}** In his first assignment of error, Gundel asserts that the trial court erred by not finding "a limited liability company incorporated under Ohio law is a recognized entity distinct and separate from its members, and while members are not vicariously liable for the company's negligence under Ohio Revised Code Section 1705.48, they are liable for their own tortious acts performed on the company's behalf." In his second assignment of

error, Gundel claims that "a member of a limited liability company acting on its behalf is not synonymous with the company and thus not the employer of the company's employees for purposes of Ohio Revised Code Section 4123.74, the exclusive remedy provision of Ohio's Workers' Compensation Act." Because these alleged errors are closely related, we will address them simultaneously.

{¶22} WLL is a properly organized limited liability company and "[u]nder Ohio law, as elsewhere, an LLC is neither a corporation nor a partnership, as those concepts are commonly understood. Instead, an LLC is a hybrid in that it is a form of legal entity that has attributes of both a corporation and a partnership but is not formally characterized as either one." *In re ICLNDS Notes Acquisition, L.L.C.* (Bankr. N.D. Ohio 2001), 259 B.R. 289, 292. Pursuant to R.C. 1705.48(B), "[n]either the members of the limited liability company nor any managers of the limited liability company are personally liable to satisfy any judgment, decree, or order of a court for, or are personally liable to satisfy in any other manner, a debt, obligation, or liability of the company solely by reason of being a member or manager of the limited liability company." *Sliman's Printing, Inc. v. Velo Internatl.*, Stark App. No. 2004CA00095, 2005-Ohio-173, 2005 WL 100963, ¶ 13.

{¶23} A limited liability company is a separate legal entity and "* * * a separate entity from its members * * *." R.C. 1706.04(A).  *See also Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193 ¶ 8 *Bridge Health Care Partners, LLC v. LTAH Real Estate Holdings, LLC*, 7th Dist. Jefferson No. 21 JE 0010, 2022-Ohio-1053, ¶ 45.

{¶24} The trial court decided that the facts warranted disregarding the distinction between WLL and Whalen, its sole member, because "* * * Whalen made the day-to-day

decisions for Whalen Lawn. (Whalen Depo. at 35:11-14). He made the business decisions, hired and fired employees, controlled the funding, repaired equipment and handled customer relations problems." (Judgment Entry, Sept. 17, 2021, p. 4). The trial court further found that "The Court is not willing to go astray and state that single member LLC owners are not really "employers", and that although they would have to pay for workers' compensation insurance and other payments to the State of Ohio for their employees, they would not receive any of the corresponding benefits and immunities." *Id.* at 5.

**{¶25}** While we do not disagree with the facts listed by the trial court, we cannot approve its conclusion. WLL is a single member limited liability company, yet it is recognized as a separate legal entity that acts through its members. See *Zimmerman v. Eagle Mtg. Corp.,* 110 Ohio App.3d 762, 771, 675 N.E.2d 480 (2d Dist. 1996); *Marion v. Cendol*, 3rd Dist. Marion No. 9-12-59, 2013-Ohio-3197, ¶ 17. The trial court disregarded this entity and found that Whalen and WLL were indistinguishable in the context of determining the identity of the employer of Gundel. While we agree that the Revised Code offers a great deal of flexibility for a small business, neither the trial court nor the parties have cited any authority that would permit a member of an LLC to disregard its status for the convenience of that member.

**{¶26}** The trial court's conclusion that Whalen was the employer of Gundel in this case was error as it was based upon an unwarranted disregard of the legal entity WLL. WLL is a discrete legal entity, separate from its sole member, Whalen. And Whalen may be held responsible for his own tortious acts. *Gator Dev. Corp. v. VHH, Ltd.,* 1st Dist. Hamilton No. C-080193, 2009-Ohio-1802, ¶¶ 38-39. Gundel's first and second

assignments of error are well taken, but not dispositive of this appeal. We find the resolution of this appeal in the third assignment of error in which Gundel attacks Whalen status as a fellow employee.

**{¶27}** In his third assignment of error, Gundel argues that Whalen was not an employee of WLL and was not entitled to the immunity provided by R.C. 4123.741. Gundel acknowledges that the trial court did not address this issue, but makes the argument in recognition of this court's de novo standard of review and the rule that "[i]f the defendant was entitled to judgment at the conclusion of the plaintiff's case, the fact that the trial court based its conclusion upon an erroneous reason is unimportant. By repeated decisions of this court it is the definitely established law of this state that where the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof." *Agricultural Ins. Co. v. Constantine*, 144 Ohio St. 275, 284, 58 N.E.2d 658, 663 (1944).

**{¶28}** Pekin argued in the case below that Whalen was a fellow employee and was entitled to immunity pursuant to the terms of R.C. 4123.741. (Motion for Summary Judgment, July 21, 2021, p.16; Combined Reply and Brief in Opposition, Aug, 24, 2021, p. 3). Gundel alleged in his Fifth Amended Complaint that "Whalen was not an employee of WLL, and could not legally qualify as an employee as the sole member of a limited liability company. (Fifth Amended Complaint, March 2, 2021, ¶ 3). In his brief, he takes the position that "[t]he sole managing member of a limited liability company is only an employee of the company and entitled to the protection of Ohio Revised Code Section 4123.741 if, under the totality of the circumstances, a jury could reasonably find the member satisfied the common law definition of an employee." (Appellant's brief, p. xii).

**{¶29}** Gundel cites no Revised Code section or caselaw to support his contentions that Whalen could not "legally qualify as an employee" or that he must satisfy the "common law definition of an employee" in the context of this case. He acknowledges that the Revised Code provides a definition of employee for purposes of Chapter 4123 but offers no analysis of the language of that section of the Code. Instead, Gundel offers alternative bases in support of his contention that Whalen cannot be an employee, none of which are sanctioned by the legislative definition.

**{¶30}** Gundel includes the entirety of R.C. 4123.01(A)(1)(b) within his brief then disregards its terms and fashions a definition of employee more suitable for his purposes. Gundel contends that Whalen is not an employee in the context of this appeal because he omitted himself from the list of WLL's employees submitted to the Ohio Bureau of Workers' Compensation to avoid paying additional premiums, did not take a salary and that WLL did not exert control over Whalen. While these factors can play a role in determining the status of employees in other circumstances, in the case before us we are bound to apply the definition provided by the legislature in R.C. 4123.01 and the elements cited by Gundel are not part of that definition.

**{¶31}** The relevant portion of R.C. 4123.01(A)(1)(b) defines employee as:

> Every person in the service of any person, firm, or private corporation, including any public-service corporation, that (i) employs one or more persons regularly in the same business or in or about the same establishment under any contract of hire, express or implied, oral or written, including aliens and minors * * *.

{¶32} This definition does not require evidence that the person was paid a salary, was covered under a workers' compensation policy, nor does it require analysis of the degree of control exercised by the employer and we are without authority to add such terms. We find that in the context of Chapter 4123 of the Ohio Revised Code, the breadth of this definition is consistent with the goal of the legislature and the stated purpose of the Ohio Constitution and the Revised Code: "Employees obtained a certain and speedy recovery for their injuries, in exchange for which they sacrificed their right to bring common law actions against employers and fellow employees; * * * ." *Adams v. K-Mart Corp.*, 2nd Dist. Greene No. 98CA75, 1999 WL 49146, *3.

{¶33} Whalen was "in the service of WLL" as he was responsible for maintenance of the equipment used by other employees, including Gundel, to provide the lawn care and landscaping services offered by WLL. He also mowed lawns when the press of business and inclement weather put WLL behind schedule. WLL employed others, the number of which varying by the season, regularly in the same business. Whalen is, for purposes of R.C. 4123.741, an employee against whom Gundel may not pursue a claim for an injury caused in the course of his employment.

{¶34} We also find that the record does not present a genuine issue of material fact regarding whether Whalen committed an intentional tort causing injury to Gundel. Revised Code 4123.741 does not immunize fellow employees from civil liability for intentional torts. *Hunt v. Alderman,* 9th Dist. No. 27416, 2015-Ohio-4667, 50 N.E.3d 253, ¶ 15, but proof of a co-employee's liability for an intentional tort "is a difficult standard to meet" and requires evidence of "(1) knowledge by the co-employee of the existence of a dangerous process, procedure, instrumentality, or condition within its business operation;

(2) knowledge by the co-employee that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality, or condition, then harm to the employee will be a substantial certainty; and (3) that the co-employee, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task." *Head v. Reilly Painting & Contracting, Inc.*, 8th Dist. No. 101718, 2015-Ohio-688, 28 N.E.3d 126, ¶¶ 16-19. Gundel has not directed us to evidence in the record that would support these elements and our review of the record leads us to conclude that Gundel has failed to create a genuine issue of material fact regarding whether Whalen committed an intentional tort.

{¶35} The record contains no support for a conclusion that Whalen knew or should have known that an injury was substantially certain to occur. The Supreme Court of Ohio described the application of substantial certainty in the context of an intentional tort in *Fyffe v. Jeno's, Inc.*, 59 Ohio St.3d 115, 570 N.E.2d 1108, 1110 (1991) and while *Fyffe* addressed the liability of the employer, we find that the same analysis is applicable to the allegation of a fellow employee intentional tort:

> To establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process,

procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk—something short of substantial certainty—is not intent.

**{¶36}** Gundel testified that Whalen disabled the kill switch in 2018 and Gundel began using the mower while the switch was disabled, so Whalen was aware of those facts and any risk that might be associated with operation of the mower without an active kill switch. Gundel has failed to direct us to evidence that his injury was substantially certain to occur as a result of Whalen's actions. Gundel knew that the switch was disabled. He stated that he was present when Whalen disabled it and he used the mower after the switch was disabled during the 2018 season and again in 2019. He knew that the engine would continue to run when he stepped off the mower. Gundel knew that he could turn off the mower or disengaged the power to the blade by using the PTO before he dismounted, but chose not to do so out of "complacency." (Gundel Deposition, p. 40, lines 13-16). Gundel's knowledge of the disabled switch, his knowledge of the alternatives to relying on the switch and his use of the mower during the 2018 mowing season demonstrate that an injury was neither certain nor substantially certain to occur as the result of the disabling of the kill switch. The facts described by Gundel do not support a conclusion that Whalen intended Gundel's injury.

**{¶37}** Construing the facts most favorably to Gundel, we must find that he has failed to provide evidence that would create a genuine issue of material fact regarding Whalen's intent to cause injury, the second element of *Head, supra.*

**{¶38}** Our analysis of the third element described in *Head, supra*, that Whalen had knowledge of the risk yet did act to require Gundel to continue to perform the dangerous task, is complicated by the status of Whalen in the context of a single member limited liability company. He served both as a member and an employee of WLL, so our review must consider what role he is fulfilling before we can reach a conclusion. In the case before us, we find that the final element of the analysis is not satisfied because Whalen, in his capacity as employee, had no authority to compel Gundel to continue to use the mower. Whalen's power to direct employees to use the equipment arises from his status as a member of WLL acting as the employer. While the employer had the authority to order an employee to use the equipment, we are not analyzing the actions of the employer, but that of an employee. Whalen, as employee, had no duty or ability to direct the actions of Gundel in the course of his employment. Any command from Whalen to Gundel was completed by Gundel's employer and not a co-employee and our analysis is restricted to the liability of the fellow employee as the employer, WLL was dismissed from Gundel's complaint. For those reasons, the facts cannot support a conclusion that Whalen acted to require Gundel to continue to use the mower with the disabled kill switch.

**{¶39}** Gundel has conceded that he is aware of no evidence that Whalen intended that he suffer an injury and the record lacks evidence that an injury was certain or substantially certain to occur. We find that Gundel has failed to describe a genuine issue of material fact regarding whether Whalen committed an intentional tort that cause his injury.

**{¶40}** We also find that Whalen was an employee of WLL in the context of this case entitled to the immunity provided by R.C. 4123.741 and, to the extent that Gundel

contends he committed an intentional tort, we find the record devoid of sufficient evidence to create a genuine issue of material fact on that issue.

{¶41} Gundel's third assignment of error is denied.

{¶42} We affirm the Stark County Court of Common Pleas Judgment that Whalen and Grange were entitled to summary judgment, though not because he Whalen was an employer, but because he was an employee entitled to the immunity provided by R.C. 4123.741, because the record contains insufficient evidence to create a genuine issue of material fact regarding Whalen's commission of an intentional tort and because, after construing the facts in Gundel's favor, reasonable minds could reach only a conclusion in favor of Whalen and Grange.

By: Baldwin, P.J.

Wise, John, J. and

Delaney, J. concur.