[Cite as *Meyer v. United Airlines, Inc.*, 2018-Ohio-2595.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Marc Meyer, et al.                                     Court of Appeals No. L-17-1176

        Appellants                               Trial Court No. CI0201504468

v.

United Airlines, Inc.                                  **DECISION AND JUDGMENT**

        Appellee                                 Decided:  June 29, 2018

* * * * *

James G. O'Brien, for appellants.

Scott R. Torpey and Justin M. Schmidt, for appellee.

* * * * *

**SINGER, J.**

{¶ 1} Appellants, Marc and Paula Meyer, appeal the June 14, 2017 summary judgment of the Lucas County Court of Common Pleas granted in favor of appellee, United Airlines Inc.  For the reasons that follow, we affirm.

## Assignments of Error

{¶ 2} Appellants set forth the following assignments of error:

1. The Court erred in granting Summary Judgment to Defendant United Airlines, Inc. when Plaintiffs have pointed to evidence showing United violated Federal Aviation Regulations and it is axiomatic that violations of those regulations that lead to injury are actionable under state law.

2. The Court erred in granting Summary Judgment to Defendant United Airlines, Inc. when significant questions of fact remain, particularly considering that Plaintiffs can point to evidence indicating United did not verify the incident bin was secure, as federal regulations require.

3. The Court erred in accepting Defendant United Airlines, Inc.'s unsupported restatement of the facts and in drawing conclusions in United's favor in granting summary judgment.

## Background

{¶ 3} Appellants were aboard appellee's flight from Honolulu, Hawaii to Chicago, Illinois on October 26, 2013. Appellants were returning home to Toledo, Ohio. At some point after push-back from the gate or taxi onto the runway, but before landing in Chicago, appellant Marc Meyer was struck by luggage that had fallen from an overhead bin.

{¶ 4} Marc suffered injuries and sought medical treatment upon returning to Toledo. He was in pain and lost use of his shoulder. It was eventually determined Marc had a full-thickness rotator cuff injury, and he underwent surgery to repair the injury.

{¶ 5} On October 20, 2015, appellants filed a complaint claiming appellee breached a duty of care by not securing the overhead bin, there proximately causing Marc's injuries. Paula claimed loss of consortium.

{¶ 6} During discovery, appellants Marc and Paula, a passenger-witness Reatta Barnfield, and flight attendant David Carney were deposed as fact witnesses.

{¶ 7} On January 23, 2017, appellee moved the court for summary judgment claiming that, based on facts produced at the depositions, no dispute of material fact existed.

{¶ 8} Appellants opposed summary judgment on April 24, 2017, contending that disputes of material fact existed and that resolution was necessary to determine whether appellee breached a standard of care imposed by federal aviation regulations.

{¶ 9} The trial court granted appellee's motion for summary judgment, there disposing of appellants' claims on June 14, 2017. The judgment was journalized that day, and appellants now timely appeal.

### Standard of Review

{¶ 10} When reviewing a trial court's summary judgment decision, the appellate court conducts a de novo review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment will be granted when there remains no

3.

genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). *Accord Lopez v. Home Depot, USA, Inc.*, 6th Dist. Lucas No. L-02-1248, 2003-Ohio-2132, ¶ 7.

## Assignment of Error No. 1

{¶ 11} First, appellants argue they have satisfied their burden to withstand summary judgment where evidence shows appellee's violations of federal aviation regulations proximately caused their injuries. In response, appellee contends appellants adduced no evidence showing appellee was negligent or that appellee violated a federal aviation regulation.

{¶ 12} "Ohio law provides that in order to prove negligence, a plaintiff must establish duty, a breach of that duty, and damage or injury proximately caused by the breach." *See*, *e.g.*, *Gilbert v. Norfolk S. Ry.*, 6th Dist. Lucas No. L-09-1062, 2010-Ohio-2618, ¶ 61.

{¶ 13} To establish the duty and applicable standard of care, appellants here specifically point to the regulations codified in 14 C.F.R. 121.589, which cross-references 14 C.F.R. 121.285(d), and, in pertinent part, state as follows:

> (b) No certificate holder may allow all passenger entry doors of an airplane to be closed in preparation for taxi or pushback unless at least one required crewmember has verified that each article of baggage is stowed in accordance with this section and § 121.285 (c) and (d).

4.

(c) No certificate holder may allow an airplane to takeoff or land unless each article of baggage is stowed:

(1) In a suitable closet or baggage or cargo stowage compartment placarded for its maximum weight and providing proper restraint for all baggage or cargo stowed within, and in a manner that does not hinder the possible use of any emergency equipment; or

(2) As provided in § 121.285 (c) and (d); or

(3) Under a passenger seat.

(d) Baggage, other than articles of loose clothing, may not be placed in an overhead rack unless that rack is equipped with approved restraining devices or doors.

*See* 14 C.F.R. 121.589(b)-(d); *see*, *e.g.*, *Levy v. Continental Airlines, Inc.*, E.D.Pa. No. 07-1266, 2007 U.S. Dist. LEXIS 73027, *22 (Oct. 1, 2007) ("Section 121.589 establishes the standard of care that airlines must use for securing carry-on baggage.").

{¶ 14} 14 C.F.R. 121.285(d), in pertinent part, provides:

(d) Cargo, including carry-on baggage, may be carried anywhere in the passenger compartment of a nontransport category airplane type certificated after December 31, 1964, if it is carried in an approved cargo rack, bin, or compartment installed in or on the airplane, if it is secured by an approved means, or if it is carried in accordance with each of the following:

5.

(1) For cargo, it is properly secured by a safety belt or other tie-down having enough strength to eliminate the possibility of shifting under all normally anticipated flight and ground conditions, or for carry-on baggage, it is restrained so as to prevent its movement during air turbulence. * * *

* * *

(6) It is stowed in compliance with this section for takeoff and landing.

*See* 14 C.F.R. 121.285(d)(1) and (6).

{¶ 15} Here, we find the federal aviation regulations cited above provide an applicable standard of care.  With respect to 14 C.F.R. 121.589(b) through (d), appellee is to verify carry-on baggage aboard its flight is safely stowed and restrained prior to takeoff.  Additionally, 14 C.F.R. 121.285(d)(1) and (6) explain that it is appellee's duty to restrain and properly stow away carry-on baggage "so as to prevent movement[.]"

{¶ 16} Accordingly, we review the record to find whether appellee breached this standard of care on October 26, 2013, and we will address this with the second assigned error.

### Assignment of Error No. 2

{¶ 17} Appellants argue that questions of material fact remain as to whether appellee verified that the incident bin was secure or that the bags therein were properly stowed before takeoff.  Appellee contends appellants adduced no evidence showing

6.

appellee either failed to verify the bin was secure or failed to secure the bag before takeoff.

{¶ 18} When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79, 463 N.E.2d 1246 (1984).

{¶ 19} Here, appellants argue a de novo review of the record demonstrates that appellee breached the duty imposed by the above federal regulations. *See* 14 C.F.R. 121.589(b)-(d); 14 C.F.R. 121.285(d)(1) and (6), *supra*.

{¶ 20} More specifically, appellants point to deposition testimony in the record to support that appellee failed to verify the incident bin was secure, or alternatively, it failed to properly stow the baggage away safely, before takeoff of the flight on which appellant Marc Meyer was injured.

{¶ 21} Appellants first point to Marc's deposition, where he testified about boarding the plane and the events leading to the bag falling on him from the overhead bin during the flight's takeoff and ascent.

{¶ 22} Marc stated that after he and his wife boarded the plane, an unidentified passenger opened the bin above his seat and inserted the incident bag. Marc testified the bin did not appear to be entirely closed after the passenger loaded the bag, but that he took no action and did not inform the flight attendants about the opened bin. Marc said he did not take action because he expected the flight attendants to check the bin before

7.

takeoff, but that he did not notice any attendants check or close the bin. Appellee's counsel questioned why he did not insist on a flight attendant closing the bin, and Marc explained as follows:

> [Marc]: They normally are checking those things as we're taxiing to the runway, okay? And by the time I realized that nobody had done anything, we were on the runway getting ready to take off. So there was no way of getting anyone at that point because even if you ring for a flight attendant at that point, they're strapped in their seats. They don't normally want to get out of their seat for something until the plane has taken off.

{¶ 23} Marc also testified that he specifically recalled that the incident bag fell on him as the plane ascended during takeoff.

{¶ 24} Appellants rely on Marc's deposition to support their claim that appellee failed to verify the baggage was secure in the overhead bin, arguing that had the flight attendants done so Marc would have seen them. Appellants further rely on Marc's deposition to show that appellee failed to properly stow away the incident bag prior to takeoff, arguing that had it done so then no bag would have fallen.

{¶ 25} Appellants also point to Paula's deposition testimony in support of their timeline and rendition of the events. Paula recalled the visible gap in the overhead bin prior to takeoff, and that she did not see any flight attendant shut the incident bin or verify that it was secure.

8.

{¶ 26} Appellee counters arguing appellants' testimony, when viewed in conjunction with passenger-witness Reatta Barnfield and lead flight attendant David Carney's testimony, leaves no genuine question of material fact.

{¶ 27} Appellee contends Barnfield's testimony provides the sequence of events, and shows that a flight attendant closed the incident bin and verified it was secure before the unknown passenger reopened it. Appellee contends Carney's testimony supports that the bins were checked and found to be securely closed.

{¶ 28} Appellants counter, urging this court to find that Barnfield's testimony shows genuine disputes of material fact because Barnfield stated that the incident did not occur until closer to when the plane was arriving in Chicago, and stated that a flight attendant was the last to touch the bin before takeoff.

{¶ 29} In terms of the timing of the incident, appellants and Carney testified the incident happened during takeoff, and Carney actually said that Marc was provided with the option of returning to Honolulu after the injury occurred.

{¶ 30} With respect to the last person to touch the bin before the bag fell, all deposition testimony reveals it was an unidentified passenger. More specifically, appellants said the unidentified passenger touched the bin and that no flight attendants did so afterward, and Barnfield said that the passenger was the last person to touch the bin before the bag fell.

{¶ 31} Consequently, appellee argues that despite there being conflicts with the witnesses' "immaterial differences" in the timing of the events, there is yet no dispute

9.

with regard to the sequence of events. In other words, appellee asserts there remains no question that appellee closed the incident bin and verified it was secure before takeoff and before the unidentified passenger placed his or her bag in the bin. Appellee notes specifically that the requirement that it verify the bins are secure can be satisfied by a visual inspection, and that the verification in this case was completed visually. And by natural extension, appellee argues there is no evidence in the record to show appellee violated any duty or regulation.

{¶ 32} The trial court addressed this issue, stating as follows: "Plaintiff offers neither evidence nor authority to dispute Purser Carney's testimony that the required verification may be completed visually and that a manual verification is not required."

{¶ 33} We agree and find appellants offer no evidence to place in dispute Carney's claim that a visual inspection occurred. Further, we find no legal authority offered by appellants to convincingly support the contention that a manual, as opposed to a visual, inspection or verification is required under 14 C.F.R. 121.589(b).

{¶ 34} Accordingly, the first and second assigned errors are not well-taken.

### Assignment of Error No. 3

{¶ 35} Third and lastly, appellants argue the trial court erred by accepting appellee's facts and drawing conclusions favorable to appellee. Appellee contends no genuine issue of material fact exists because all evidence in the record shows an unidentified passenger was last to touch the bin after appellee checked and verified the bins were securely closed.

10.

**{¶ 36}** "A 'material' fact is one which would affect the outcome of the suit under the applicable substantive law." *See Advantage Renovations, Inc. v. Maui Sands Resort, Co.*, LLC, 6th Dist. Erie No. E-11-040, 2012-Ohio-1866, ¶ 14, citing *Russell v. Interim Personnel*, Inc., 135 Ohio App.3d 301, 304, 733 N.E.2d 1186 (6th Dist.1999); *Needham v. Provident Bank*, 110 Ohio App.3d 817, 826, 675 N.E.2d 514 (8th Dist.1996); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**{¶ 37}** As articulated above, we find no genuine dispute of material fact where an unidentified passenger touched the bin before the bag fell out. Because appellants have not met their burden of showing there remains a genuine issue of material fact, or showing that appellee is not entitled to judgment as a matter of law, we affirm the trial court. Appellants' assignments of error are not well-taken.

## Conclusion

**{¶ 38}** The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.     _____
                  JUDGE

Arlene Singer, J.

                 _____
Christine E. Mayle, P.J.       JUDGE
CONCUR.

                 _____
                  JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.