[Cite as *Barconey v. Baiz*, 2024-Ohio-6044.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Linda Barconey, DDS

Appellant

v.

Wessam Baiz, et al.

Appellees

Court of Appeals No. L-23-1246

Trial Court No. CI0202102867

**DECISION AND JUDGMENT**

Decided: December 27, 2024

* * * * *

C. William Bair, for appellant.

Eugene F. Canestraro, for appellee, Wessam Baiz.

* * * * *

**OSOWIK, J.**

**{¶ 1}** In this breach of contract action, the plaintiff-appellant, Linda Barconey,

appeals a September 28, 2023 judgment of the Lucas County Court of Common Pleas,

which granted summary judgment in favor the defendant-appellee, Wessam Baiz. We

affirm.

**I. Background**

**{¶ 2}** Barconey is a dentist, who resides and works in California. In 2019,

Barconey hired a consulting and public media business called TCR Consulting Agency to

assist her in developing business plans in a field "besides dentistry." Barconey claims that defendants, Wessam Baiz, of Ottawa Hills, Ohio and Christopher Ross, Chris Ross Companies, LTD., of London, England, "operated [the] business at all relevant times."

{¶ 3} According to Barconey, she and Baiz "entered into conversations" in May, 2019. The "general nature of the consultation involved [development of] a video sales letter, CPA network enrollment, a ten day follow up sales copy, a hidden landing page on the Defendant's website, video editing for marking Dr. Barconey's business, and coaching from the Defendant." Barconey claims that she agreed to pay $45,000 for these services; that she satisfied her obligation, in full, by making "periodic payments," which she completed on October 16, 2019; and that the "defendants" mostly failed to perform "any of the agreed upon services." Barconey further claims that Defendant Ross "agreed to prepare and publish" a video for Barconey to use in marketing her unidentified business but that he "failed to perform the video" for which he was paid an undisclosed amount.

{¶ 4} Barconey filed a three-count complaint on August 27, 2021, which she amended on October 10, 2022. In her amended complaint, Barconey alleged that Baiz breached an oral agreement for services (Count 1); that Ross breached an oral agreement for failing to create the marketing video (Count 2); and that Baiz and Ross were unjustly enriched "by failing to perform the services for which they were paid" (Count 3). Barconey alleged that Baiz and Ross "operated through an agency" and that they should be held jointly and severally liable.

2.

{¶ 5} Baiz answered the amended complaint and exchanged discovery with Barconey. On May 15, 2023, Baiz filed a motion for summary judgment, arguing that Barconey's contract for services was with "Team Chris Ross, LLC d.b.a. TCR Consulting Agency" and that he, Baiz, was "merely an independent contractor" of the business which was disclosed and known to Barconey. As a disclosed agent, Baiz argued that he could not be held personally liable on the contract and therefore he was entitled to judgment. Baiz attached a number of documents to his motion, including email communications with Barconey that identified himself either as the "Team Lead" for Team Chris Ross LLC or as "Vice President – Sales and Marketing" for TCR Consulting Agency. Other emails between Barconey and a "TCR Executive Assistant" indicate that Barconey's payments were sent to TCR Consulting Agency. In one email, Barconey wrote to the executive assistant, "I would like more clarity on the $45,000 sent to TCR Consulting." In his affidavit, Baiz specifically denied that Barconey "paid [him] directly."

{¶ 6} Barconey objected to the motion. In her attached affidavit, Barconey acknowledged that Baiz "represented himself to be acting on behalf of Team Chris Ross" in their "dealings." But, she denied any knowledge that Baiz was an "independent contractor," which she claimed was a material fact, relative to the issue of establishing Baiz's personal liability.

{¶ 7} On September 28, 2023, the trial court granted judgment in favor of Baiz as to Counts 1 and 3. Subsequently, Barconey dismissed the amended complaint against

3.

Christopher Ross without prejudice under Civ.R. 41(A)(1)(a). Barconey also appealed the court's summary judgment ruling, raising a single assignment of error for our review:

ASSIGNMENT OF ERROR: The Trial Court committed reversible error when it decided there were no debatable issues of fact and that Dr. Barconey was informed Defendant Baiz was a disclosed agent of TCR, a disclosed principal, and could not be liable to her.

## II. Law and Analysis

{¶ 8} The appellate court reviews a grant of summary judgment de novo, standing in the shoes of the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment may only be granted when there remains no genuine issue of material fact and, when construing the evidence in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ. R. 56(C); *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978). In a motion for summary judgment, the moving party bears the initial burden of demonstrating that there are no genuine issues of material facts regarding an essential element of the nonmoving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).

{¶ 9} The moving party must meet its burden by specifically referring to the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any," which affirmatively demonstrate that no material questions of fact remain. Civ. R. 56(C). When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleadings, but must respond with specific facts

4.

showing that there is a genuine issue of material fact for trial in accordance with Civ.R. 56(E). *Id.* A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. *See, e.g., Meyer v. United Airlines, Inc.* 2018-Ohio-259, ¶ 36 (6th Dist).

{¶ 10} "It is settled law in Ohio that where an agent enters into a contract on behalf of a disclosed principal, the agent is not personally liable for that contract so long as he is acting within the scope of his authority and acting in the name of the principal." *Castillo v. Associated Pathologists, Inc.,* 2006-Ohio-6459, ¶ 22 (6th Dist.); *see also Whitt Sturtevant, LLP v. NC Plaza LLC*, 2015-Ohio-3976, ¶ 96 (10th Dist.) ("Where an agent acts for a disclosed principal, in the name of such principal, and within the scope of authority, such agent is ordinarily not liable on the contracts the agent makes."). An "agent" is a person "'who is authorized to act for or in place of another; a representative.'" *Marion v. Cendol*, 2013-Ohio-3197, ¶ 16 (3d Dist.), quoting *Black's Law Dictionary* 72 (9th Ed.2009), and citing *John Hancock Mut. Life Ins. Co. v. Luzio*, 123 Ohio St. 616, (1931), syllabus ("In the absence of statutory definition, the term 'agent,' * * * should be given its legal meaning, as being one who is acting within the scope of his authority in the business [e]ntrusted to him by his principal").

{¶ 11} Under the rule articulated above, Barconey's claim against Baiz must fail absent a showing that either Baiz was not acting within his capacity as an agent of TCL or was not acting in the name of TCL. *Castillo* at ¶ 22. In her brief, Barconey denies ever receiving "any information. . . that [Baiz] was an . . . agent" of Ross or TCR. (Appellant's brief at 7). However, the record firmly establishes that she was fully aware

5.

that Baiz was acting in his representative, not personal, capacity. That is, Baiz negotiated the oral contract with Barconey in his capacity as an agent of TCL and in the name of TCL. Indeed, according to Barconey's own affidavit, when she "entered into negotiations and discussion" with Baiz, he "represented himself to be acting on behalf of Team Chris Ross." (Barconey Aff. at ¶ 2, 5). Consistent with those representations, Baiz was identified as "a Team Leader and a Vice President for sales and marketing of TCR Consulting" and "acting with full authority for Team Chris Ross." (Barconey Aff. at ¶ 8, 9). Barconey also confirmed that she "paid $45,000 to Baiz in care of Team Chris Ross." (Barconey Aff. at ¶ 3). In other words, the evidence establishes that Baiz was acting as TCR's agent in negotiating the consulting agreement with Barconey and not in his personal capacity. For that reason, he may not be held personally liable on the contract with TCR. *Vancrest Mgt. Corp. v. Mullenhour*, 2019-Ohio-2958, ¶ 14 (3d Dist.).

{¶ 12} Nonetheless, Barconey insists that an issue of fact remains as to Baiz's personal liability, because evidence in the record indicates that Baiz was "an independent contractor" of TCR. Indeed, Baiz asserted in his affidavit that he had no "ownership interest" in TCR and that he worked for the business as "an independent contractor for Team Chris Ross, LLC and TCR Consulting Agency." (Baiz Aff. at ¶ 11, 12). Just as Barconey denied any knowledge that Baiz was an "agent" of TCR, she also denies any knowledge that he was "independent contract" of the business. Instead, Barconey knew Baiz as a "team leader" or "vice president." She claims that such titles do not "remotely suggest [that] he was an independent contract." (Appellant's brief at 7). But, she fails to establish any path to recovering against Baiz in his personal capacity. That is, she cites

6.

no authority that Baiz's status as independent contractor, standing alone, subjects him to personal liability. We find that whether Baiz was acting as an employee or independent contractor is irrelevant to the issue of whether he was acting in his representative capacity, i.e. as an agent, in his dealings with Barconey. And here, the parties agree that Baiz disclosed the fact he was an agent of TCL. *See, e.g., Plain Dealer Publishing Co. v. Worrell,* 2008-Ohio-4846 (8th Dist.) (Where "employee" disclosed that she was working on behalf of advertising company's behalf and executed two contracts on its behalf, "such that the [third party] publishing company knew that it was not dealing with employee individually," the employee was not liable on the contracts). Because Baiz is not a party to the agreement, in his individual capacity, he could not have breached it.

{¶ 13} Because Barconey can point to no evidence that Baiz acted outside the scope of his authority, and because Baiz was acting for a disclosed agent, he is not personally liable under the services contract between Barconey and TCL. *Nat'l Church Residences First Cmty. Vill. v. Kessler*, 2023-Ohio-1437, ¶ 19-20 (3d Dist.). Accordingly, the trial court properly granted summary judgment in Baiz's favor as to Count 1 of the amended complaint, and Barconey's assignment of error is found not well-taken. Additionally, because Barconey does not challenge the trial court's judgment as to her unjust enrichment claim, set forth in Count 3, we affirm that part of the judgment as well. *See* App.R. 12(A)(2).

7.

### III. Conclusion

{¶ 14} Barconey's assignment of error is found not well-taken, and the judgment of the Lucas County Court of Common Pleas is affirmed. Barconey is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Gene A. Zmuda, J.

_____
JUDGE

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.